## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

MICHAEL SEIUM,

     Plaintiff,

    v.

BETHESDA BAGELS, INC. and
ASAR DUVALL,

     Defendants.

Civil Action No. TDC-24-1698

## MEMORANDUM ORDER

    Plaintiff Michael Seium, a citizen of Virginia, filed this civil action against Defendants Bethesda Bagels, Inc. ("Bethesda Bagels") and Asar Duvall in the Circuit Court for Montgomery County, Maryland in which he alleges state law claims of negligence and battery resulting from a motor vehicle collision between Seium and Duvall, an employee of Bethesda Bagels. On June 11, 2024, Bethesda Bagels removed the case to this Court on the basis of diversity jurisdiction. Seium has filed a Motion to Remand, which is now fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## DISCUSSION

    In the Motion to Remand, Seium argues that removal of the case was improper because Bethesda Bagels, a corporation organized under the laws of Maryland and with its principal place of business in Maryland, is a citizen of the forum state, and by statute, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action

is brought." 28 U.S.C. 1441(b)(2) (2018). Although Bethesda Bagels is clearly an in-state defendant which generally may not remove a case to federal court because of this "forum defendant rule," *see id.*, in opposing the Motion, Defendants argue that Bethesda Bagels nevertheless properly removed the case because it did so before it was "properly joined and served." *Id.*

Defendants' argument fails for two reasons. First, the Court does not agree that the forum defendant rule of 28 U.S.C. § 1441(b)(2) permits removal by an in-state defendant simply because it does so before proper service was effectuated. In *Medish v. Johns Hopkins Health System Corporation*, 272 F. Supp. 3d 719, 725 (D. Md. 2017), the court held that § 1441(b)(2) barred a forum defendant from removing a case based on diversity jurisdiction even though it did so before the plaintiff could effectuate service, in part because "[t]he purpose of the 'properly joined and served' language is to prevent gamesmanship by [p]laintiffs" who attempt to block removal "by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Id.* at 725 (quoting *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 643 (D. Md. 2015)). In *Medish*, as here, there was no such gamesmanship; rather the gamesmanship was that of forum defendants who sought to thwart the purpose of the forum defendant rule, which bars removal by an in-state defendant because "there is no need to protect" a forum defendant "from local prejudice," by engaging in removal before proper service could be effectuated. *Id.* at 724, 727. This Court agrees with the reasoning in *Medish* and likewise finds that the "properly joined and served" language of § 1441(b)(2) does not permit a forum defendant to remove a case based on diversity jurisdiction simply because it does so before service upon it can be properly effected. *See id.* at 727; *see also Kirst v. Erck*, 616 F. Supp. 3d 471, 477 (D. Md. 2022) (noting that the "growing trend is to embrace a functional reading of 28 U.S.C. § 1441(b)(2) . . . and to decline to permit removal" by a forum defendant because it leads to "an absurd result");

2

*Demissew v. Pride Ctr. of Md., Inc.*, No. 23-1742-JRR, 2024 WL 493266, at \*2-3 (D. Md. Feb. 8, 2024) (collecting cases).

Second, even assuming that § 1441(b)(2) should be interpreted differently so as to permit removal by a forum defendant simply because it occurs before the forum defendant was properly served, the Court finds that Bethesda Bagels, in fact, was properly served before the removal on June 11, 2024. For a civil action in the Maryland courts, service upon a corporation is made "by serving its resident agent, president, secretary, or treasurer." Md. Rule 3-124(d). However, the Maryland Rules provide for substitute service to the Maryland State Department of Assessments and Taxation ("Maryland SDAT") under certain circumstances:

> Service may be made upon a corporation . . . required by statute of this State to have a resident agent by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed.

Md. Rule 3-124(o). The parties do not dispute that as of the filing of the Complaint, the address for Bethesda Bagels's resident agent that was on file with the Maryland SDAT was 5530 Wisconsin Avenue, Suite 1115, Chevy Chase, MD 20815, or that at that time, the resident agent had moved to a different location, 5530 Wisconsin Avenue, Suite 801, Chevy Chase, MD 20815. Because the resident agent had relocated to a different address and physical location, and thus was "no longer at the address for service of process maintained with" the Maryland SDAT, Seium was permitted to serve Bethesda Bagels by substitute service. Md. Rule 3-124(o)(ii). It is undisputed that Seium, in fact, served Bethesda Bagels through this procedure on May 30, 2024, prior to the removal on June 11, 2024.

Although Bethesda Bagels argues that such use of the substitute service procedure should be deemed unavailable because the resident agent's new address was located in the same building, and because a process server could have located the new address by reviewing the building directory, such arguments are inconsistent with the plain language of Maryland Rule 3-124(o). Indeed, Bethesda Bagels has cited no authority for the propositions that the new address for purposes of the rule cannot be a different suite or unit within a large building, and that substitute service is not available if a process server could have found the resident agent's new location. Rather, under this rule, attempts to locate a new, valid address for the resident agent are "laudable but unnecessary to establish that process was properly served" through substitute service. *Biktasheva v. Red Square Sports,* 366 F. Supp. 2d 289, 293 (D. Md. 2005) (holding that where "a process server determined that Defendant's resident agent is no longer at the address reflected in SDAT's records . . . subsequent service to SDAT . . . was proper"). Because Bethesda Bagels's resident agent was "no longer at the address for service of process maintained with the State Department of Assessments and Taxation," substitute service was proper. Md. Rule 3-124(o)(ii). Accordingly, the removal' of this case by a defendant that is a citizen of Maryland was improper, and the Motion to Remand will be granted. *See* 28 U.S.C. § 1441(b)(2).

4

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Remand, ECF No. 7, is GRANTED.

2. This case is REMANDED to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1441(b)(2).

3. The Clerk shall close this case.

Date:   August 7, 2024

THEODORE D. CHUANG
United States District Judge

5